**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4620**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IRBENIS MEDEROS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cr-00203-CCE-1)

Submitted: April 28, 2016          Decided: June 16, 2016

Before WILKINSON, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel A. Harris, Locke T. Clifford, CLIFFORD CLENDENIN & O'HALE, LLP, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Eric L. Iverson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irbenis Mederos pled guilty, pursuant to a plea agreement, to receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (2012), and the district court imposed a downward variant sentence of 125 months' imprisonment. On appeal, Mederos argues that the court procedurally erred by failing to properly consider the need to avoid unwarranted sentence disparities when explaining Mederos' sentence. See 18 U.S.C. § 3553(a)(6) (2012). Finding no error, we affirm.

We review a sentence for reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Berry, 814 F.3d 192, 194-95 (4th Cir. 2016). In determining procedural reasonableness, we consider, among other factors, whether the district court adequately analyzed the 18 U.S.C. § 3553(a) (2012) factors and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. "By drawing arguments from § 3553 for a sentence different than the one ultimately imposed," Mederos preserved his challenge to the court's explanation and consideration of the § 3553(a) factors, and any error will result in reversal unless "the error was harmless." United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010).

In explaining a defendant's sentence, a court "need not robotically tick through the § 3553(a) factors." United States v.

<u>Helton</u>, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). However, "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." <u>United States v. Carter</u>, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). Such an explanation is necessary to "promote the perception of fair sentencing" and to permit "meaningful appellate review." <u>Gall</u>, 552 U.S. at 50.

It may be possible, however, for an appellate court to evaluate from "[t]he context surrounding a district court's explanation . . . both whether the court considered the § 3553(a) factors and whether it did so properly." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 381 (4th Cir. 2006). Where the record clearly reveals that the court considered the parties' arguments and relevant evidence and the case is "conceptually simple," the law does not require a judge "to write more extensively." <u>Rita v. United States</u>, 551 U.S. 338, 359 (2007).

Although Mederos correctly asserts that the court's explanation is devoid of any reference to his statistical disparity argument, the record provides enough context for us to conclude that the court considered the argument and that it also contemplated generally the need to avoid unwarranted sentence disparities. The court could have addressed in open court the

3

statistical disparity argument raised exclusively in counsel's sentencing memorandum. However, it was not required to do so, as it provided an individualized and detailed explanation for its denial of Mederos' request for the statutory minimum sentence. See, e.g., Rita, 551 U.S. at 356 ("Sometimes a judicial opinion responds to every argument; sometimes it does not . . . . The law leaves much, in this respect, to the judge's own professional judgment.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED